**In the Matter of Robert V. MONFORT, Respondent.**

No. 37S00–1008–DI–418.

Supreme Court of Indiana.

May 17, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** While serving as a judge of the Jasper Superior Court 2 in 1998, Respondent presided over two cases in which T.W. was convicted of operating a vehicle while intoxicated. Respondent sentenced T.W. to 365 days incarceration.

In 2009, T.W. contacted Respondent, who was then in private practice. Respondent met with the prosecutor to explore the possibility of having T.W.'s convictions vacated. T.W., purportedly *pro se,* filed a petition to vacate both of his convictions. At a hearing on the petition, Respondent sat at the counsel table with T.W. When the presiding judge asked whether he was representing T.W., Respondent said he was not, but he was just there to "lay the background for the court." Later at the hearing, T.W. testified that Respondent's office had prepared the petition and that he paid Respondent for his legal services.

The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; and (3) Respondent has expressed remorse.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.12(a): Representing someone in connection with a matter in which the lawyer participated personally and substantially as a judge without the consent of all parties to the proceeding.

3.3(a)(1): Knowingly making a false statement of fact to a tribunal.

8.4(c): Engaging in conduct involving deceit or misrepresentation.

**Discipline:** The parties propose the appropriate discipline is a 30–day suspension

with automatic reinstatement. The discipline for Respondent's misconduct would likely be more severe had this matter been submitted without an agreement. However, in light of the Court's desire to foster agreed resolutions of lawyer disciplinary cases, the Court now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, beginning June 24, 2011.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DAVID, J., who did not participate.